ORIGINAL

FILED
MAY 18 2006
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| CWC Partnership I, by and through Trust FBO Zachary Stern U/A Fifth G, Andrew Stern and Marilyn Sands, Trustees, a Notice Partner,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant. | Case No. 06-411 T |

**COMPLAINT FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226**

CWC Partnership I ("CWC"), by and through Trust FBO Zachary Stern U/A Fifth G, Andrew Stern and Marilyn Sands, Trustees (the "Zachary Trust"), a Notice Partner in CWC, files this Complaint pursuant to 26 U.S.C. § 6226 and Appendix F of the Rules of the United States Court of Federal Claims, petitioning for the readjustment of partnership items that were adjusted by the Internal Revenue Service (the "Service") in a Notice of Final Partnership Administrative Adjustment (an "FPAA") issued to CWC with respect to CWC's Form 1065 U.S. Return of Partnership Income for the tax year ended December 31, 2001 (the "CWC FPAA"). The CWC FPAA is attached as Exhibit A. Plaintiff alleges as follows:

## I. THE PARTIES

1. CWC is a general partnership organized under the laws of the State of New York. It has a principal place of business at 370 Woodcliff Drive, Fairport, New York, and its partnership identifying number is 16-1472626.

2. As of December 31, 2001, the Trust FBO Abigail Stern U/A Fifth G (the "Abigail Trust") and the Zachary Trust each held a 49.5% Class 2 partnership interest in CWC. As of December 31, 2001, the Trust FBO Andrew Stern U/A Fifth D held 98.06292% and the Trust FBO Andrew Stern U/A Fifth C held .93708% of the Class 1 partnership interest of CWC. As of December 31, 2001, Richard Sands and Robert Sands each held a .5% Class 1 and .5% Class 2 partnership interest.

3. The general and Tax Matters Partner of CWC was at all times Richard Sands. Robert Sands has a principal business address at 370 Woodcliff Drive, Fairport, New York and his taxpayer identifying number is XXX-XX-3858.[1]

4. R,R,M&C Group LP ("Group") was a limited partnership organized under the laws of the State of Missouri. It had a principal place of business at 300 Willowbrook Office Park, Fairport, New York, and its partnership identifying number was 43-1936516. Until September 21, 2001, CWC was a limited partner in Group.

5. R,R,M & C Partners, LLC ("Partners") was a limited liability company organized under the laws of the State of Missouri. It had a principal place of business at 300 Willowbrook Office Park, Fairport, New York, and its partnership identifying number was 43-1936519.

6. Alpha I, L.P. ("Alpha") is a limited partnership organized under the laws of the State of Missouri. It has a principal place of business at 300 Willowbrook Office Park, Fairport, New York, and its partnership identifying number is 43-1946228. CWC was a limited partner in Alpha.

7. Beta Partners, LLC ("Beta") was a limited liability company organized under the laws of the State of Missouri. It had a principal place of business at 300 Willowbrook Office

---

[1] Only the last four digits of the social security number is provided pursuant to General Order No. 42A.

Park, Fairport, New York, and its partnership identifying number was 43-1946833. Alpha was a partner in Beta during part of 2001.

8. The defendant is the United States of America.

## II. JURISDICTION and RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS App. F Rules 1 and 2

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1508 and 26 U.S.C. § 6226(b).

10. CWC timely filed its Form 1065 U.S. Return of Partnership Income for the tax year ended December 31, 2001 with the Internal Revenue Service at Ogden, Utah.

11. The CWC FPAA was issued on December 28, 2005 and was issued by the IRS Office in St. Louis, MO.

12. The CWC FPAA was issued with respect to CWC's taxable year ended December 31, 2001.

13. Pursuant to Code Section 6226(e)(1), prior to the filing of this Complaint, the Zachary Trust deposited with the Internal Revenue Service the total amount of $1,567,414, representing the amount by which its tax liability would be increased if the treatment of the "partnership items" on CWC's tax return was made consistent with the treatment of "partnership items" on the CWC return, as adjusted by the CWC FPAA. A copy of the paper work and check associated with this deposit is attached as Exhibit B.

14. The deposit was made on February 28, 2006 and was sent to IRS Revenue Agent Peter Brokus.

15. The Zachary Trust is a "notice partner" in CWC within the meaning of Code Section 6231(a)(8).

16. None of CWC's partnership items with respect to the Zachary Trust have become non-partnership items by reason of any event described in Code Section 6231(b).

17. The Tax Matters Partner has not filed a complaint for readjustment of partnership items within the period specified in Code Section 6226(a).

18. CWC has satisfied all conditions precedent to filing this suit.

## III. DESCRIPTION OF THE TRANSACTIONS

19. On or about August 21, 2001, the Abigail Trust, and the Zachary Trust each opened one or more brokerage accounts at UBS PaineWebber, Inc. ("PaineWebber"), and each infused their individual accounts with several hundred thousand dollars in cash.

20. On or about August 23, 2001, the Abigail Trust, and the Zachary Trust each borrowed U.S. Treasury securities from PaineWebber and sold the securities on the open market (the "First Short Sales"). The net proceeds of the First Short Sales were transferred to their respective brokerage accounts at PaineWebber.

21. On or about August 27, 2001, the Abigail Trust assigned all of the assets in its PaineWebber brokerage account to CWC, and delegated to CWC its responsibility to cover the First Short Sale.

22. On or about August 27, 2001, the Zachary Trust assigned all of the assets in its PaineWebber brokerage account to CWC, and delegated to CWC its responsibility to cover the First Short Sale.

23. On August 28, 2001, CWC contributed the following to Group in exchange for a 24.975% limited partnership interest: (a) the assets in the PaineWebber brokerage accounts that it received from the Zachary Trust and the Abigail Trust; (b) 500,000 shares of Class A common stock of Constellation Brands, Inc. ("Constellation") with a market value of approximately $21,175,000; and (c) $125,000. CWC also delegated to Group its responsibility to cover the First Short Sales that had been executed by the Abigail Trust and the Zachary Trust.

24. On or about December 11, 2001, the Abigail Trust and the Zachary Trust each borrowed U.S. Treasury securities from PaineWebber, and sold the securities on the open market (the "Second Short Sales"). The net proceeds of the Second Short Sales were transferred to their respective brokerage accounts at PaineWebber.

25. On or about December 13, 2001, the Abigail Trust assigned all of the assets in its PaineWebber brokerage account at that time to CWC, and delegated to CWC its responsibility to cover the Second Short Sale.

26. On or about December 13, 2001, the Zachary Trust assigned all of the assets in its PaineWebber brokerage account at that time to CWC, and delegated to CWC its responsibility to cover the Second Short Sale.

27. On December 17, 2001, CWC contributed the following to Alpha in exchange for a 12.949% limited partnership interest: (a) the assets in the PaineWebber brokerage accounts that it received from the Zachary Trust and the Abigail Trust (and the requirement to "cover" the Second Short Sales); and (b) $160,766.20.

## IV. THE SERVICE'S POSITION

28. On December 28, 2005, the Service issued the CWC FPAA, adjusting how CWC reported certain items on its Form 1065 for the taxable period ending December 31, 2001. The adjustment made by the Service in the CWC FPAA reduces the capital contributed by $21,032,464 and increases partnership liabilities by $21,032,464. The $21,032,464 adjustments represent the proceeds from the First and Second Short Sales. The CWC FPAA also asserts a 40% accuracy-related penalty or, alternatively a 20% accuracy-related penalty.

29. On December 22, 2005, the Service issued FPAAs to Group and to Partners, making various adjustments some of which include adjustments that are related to the adjustment

made in the CWC FPAA. The Group FPAA and the Partners FPAA also assert a 40% accuracy-related penalty or, alternatively a 20% accuracy-related penalty.

30. On December 22, 2005, the Service issued an FPAA to Alpha and an FPAA to Beta, making various adjustments some of which include adjustments that are related to the adjustment made in the CWC FPAA. The Alpha FPAA and Beta FPAA also assert a 40% accuracy-related penalty or, alternatively a 20% accuracy-related penalty.

31. This complaint challenges all of the adjustments made by the Service in the CWC FPAA. Separate complaints will be filed in this Court to contest the adjustments made by the Service in the Group FPAA, the Partners FPAA, the Alpha FPAA and the Beta FPAA.

## V. THE SERVICE'S ERRORS IN THE CWC FPAA

32. The Service erred with respect to each and every determination and alternative position in the CWC FPPA.

33. The Service erred in determining that the amount of capital contributed to CWC should be reduced by $21,032,464 and that partnership liabilities should be increased by $21,032,464. With respect to the reasons offered by the Service for this adjustment, the Service erred:

i. in determining that under Code Section 752 the "short sale obligations" assumed by CWC are "liabilities" within the meaning of Code Section 752 and, therefore, in determining that Code Section 752(b) required a reduction to the partners' bases in CWC for the short sale obligations;

ii. in determining that, if the "short sale obligations" are not "liabilities" within the meaning of Code Section 752, then alternatively determining that they are "liabilities" under Treas. Reg. § 1.752-6 and, therefore, in

determining that the partners' bases in CWC and must be reduced by the amount of the Short Sale proceeds as a liability;

iii. in disregarding the Abigail Trust and the Zachary Trust contributions to CWC under the economic substance doctrine; and

iv. in disregarding the existence of the Abigail Trust, and the Zachary Trust contributions to CWC under Treas. Reg. § 1.701-2.

34. The Service erred in determining that CWC had partnership liabilities under Code Section 752 in the amount of $21,032,464 instead of $0 as was reported on CWC's tax return.

35. The Service erred by alternatively determining that if CWC did not have partnership liabilities under Code Section 752 in the amount of $21,032,464, then CWC had non-Code Section 752 liabilities that would be subject to Treas. Reg. § 1.752-6 in the amount of $21,032,464.

36. The Service erred by determining that none of the transactions increased the amount considered at risk for an activity under Code Section 465(b)(1).

37. The Service erred in asserting any accuracy-related penalty provided by Code Section 6662.

## VI. CWC'S CORRECT TREATMENT OF TAX ITEMS

38. CWC and its partners properly determined all items of tax basis, income, losses, deductions, and credits of CWC for the taxable year 2001.

39. CWC and its partners properly determined and reported the amount of capital contributed in 2001.

40. CWC and its partners properly determined and reported the amount of partnership liabilities of $0 in 2001.

41. CWC and its partners properly calculated the adjusted bases of the partners in their respective partnership interests under Code Sections 722 , 742, 731(1), and 752(b) in 2001.

42. CWC and its partners properly determined that the Short Sale "obligations" contributed to CWC in 2001 do not constitute liabilities for purposes of Code Section 752.

43. In the alternative, to the extent that the requirement to cover the Short Sales is a liability for purposes of Code Section 752, the amount of that liability is $0.

44. Treas. Reg. § 1.752-6 may not be used to support an adjustment in this case because:

i. it is invalid; or

ii. if valid, it cannot be retroactively applied; or

iii. it has no application to the facts in this case.

45. In the alternative, to the extent that Treas. Reg. § 1.752-6 is valid and applicable, the Service may not rely on it to adjust the partners' bases in CWC below the "adjusted value" of their partnership interests, which is the fair market value of the interest increased by the partner's share of partnership liabilities.

46. In the alternative, to the extent that Treas. Reg. § 1.752-6 is valid and applicable, and the requirement to cover the Short Sales is a "liability" within the meaning of that regulation, the amount of such liability is $0.

47. CWC was not formed or availed of in connection with a transaction or transactions in a manner inconsistent with the intent of Subchapter K of the Code and may not otherwise be disregarded, nor may any of its transactions or the transactions of any of its partners be ignored, disregarded or recharacterized, in whole or in part, under the authority of Treas. Reg. § 1.701-2.

48. Treas. Reg. § 1.701-2 is illegal and invalid and may not be legally used to support an adjustment in this case.

49. CWC and every part of the transactions at issue had economic substance.

50. The Service may not rely on the economic substance doctrine to change the tax results of the transactions at issue because that doctrine is not incorporated into or otherwise a part of the Code, and/or the use of such theory would violate the separation of powers provisions of the United States Constitution.

51. CWC and its partners properly computed their amounts at risk.

52. Alternatively, to the extent that CWC and its partners did not properly compute the amounts at risk, the "at risk" rules of Code Section 465 could only be used to disallow the losses claimed by CWC, but such rules would not require CWC or its partners to recognize any gain.

53. In every other respect, the federal tax consequences of the transactions at issue in this case are as reported by CWC and its partners on their federal tax returns.

54. CWC and its partners are not subject to penalties under Code Section 6662 because if any tax liability were ultimately determined by this Court against them, such liability is not attributable to: (a) negligence or disregard of rules or regulations; (b) any substantial understatement of income tax; or (c) any substantial or gross valuation misstatement under Chapter 1.

55. CWC and its partners are not subject to penalties under Code Section 6662 because if any understatement were ultimately determined by the Court, such understatement would be attributable to items for which the relevant facts were adequately disclosed in the

returns or in a statement attached to the returns; and there is a reasonable basis for the tax treatment of such item by the taxpayer.

56. The Transactions at issue in this case do not constitute a tax shelter within the meaning of Code Section 6662.

57. In the alternative, even if the Transactions do constitute a tax shelter, CWC and its partners are not subject to penalties under Code Section 6662 because any understatement ultimately determined by the Court is attributable to the tax treatment of items for which there is or was substantial authority for such treatment, and, furthermore, CWC and its partners reasonably believed that their tax treatment of such item was more likely than not the proper treatment.

58. CWC and its partners are not subject to penalties under Code Section 6662 on any underpayment ultimately determined because there was reasonable cause for such underpayment and they acted in good faith as contemplated by Code Section 6664(c)(1).

## VII. BURDEN OF PROOF

59. The Government has the burden of proof under Code Section 7491.

## VIII. PRAYER

WHEREFORE, Plaintiff prays that this Court:

1. Determine that the adjustments made by the Service in the CWC FPAA are factually and/or legally incorrect and are invalid;

2. Determine that the penalties asserted by the Service in the CWC FPAA are erroneous and/or that the parties have valid defenses to the assertion of such penalties;

3. Determine that the deposit paid by the Zachary Trust should be refunded, together with interest thereon; and

4. Grant Plaintiff such other and further relief to which Plaintiff is entitled.

Dated: May 18, 2006

Respectfully submitted,

Lewis S. Wiener
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, D.C. 20004-2415
Tel: (202) 383-0100
Fax: (202) 637-3593
Attorney for Plaintiff

# EXHIBIT A

**Notice 2000-44 Case**

**Internal Revenue Service**
P.O. Box 66781 Stop 4020 STL
Attn: Penny Schupmann
St. Louis, MO 63166

**Department of the Treasury**

Refer To: Penny Schupmann

Partner Identifying Number: 16-6433304

Name of Partnership: CWC Partnership I

Partnership Identifying Number: 16-1472626

Tax Year Ended: 12/31/2001

Date: DEC 28 2005

Date FPAA Mailed to the Tax Matters Partner:
DEC 28 2005

Laurie Sands Trust FBO Zachary Stern U/A Fifth G
Andrew Stern and Marvins Sands, Trustees
c/o Constellation Brands, Inc.
370 Woodcliff Drive Suite 300
Fairport, NY 14550

Person to Contact: Penny Schupmann
Employee Number: 43-15317

Contact Telephone Number: 314-612-4367
(not a toll free number)

Contact Hours: 8:00 AM to 4:30 PM

# NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and the tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court can't consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court of the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership

items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

**3. If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions, please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

for Kevin Harris,
Technical Services
Territory Manager

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

**FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP**

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form **870-PT** (Rev. 8-2004) | Department of the Treasury — Internal Revenue Service<br>**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO: |
|---|---|---|

| Taxpayer(s) name(s), address and ZIP code: | Name of Partnership: | Tax Year(s) Ended: |
|---|---|---|
| Trust FBO Zachary Stern U/A Fifth G<br>c/o Constellation Brands, Inc.<br>370 Woodcliff Drive<br>Suite 300<br>Fairport, NY 14550<br><br>Taxpayer Identifying Number: 16-6433304 | CWC Partnership I<br>Taxpayer Identifying Number:<br>16-1472626<br>Name of Tax Matters Partner:<br>Richard E. Sands | December 31, 2001 |

## Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts & Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement, plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

| Signature of Taxpayer | Date Signed |
|---|---|
| Signature of Taxpayer | Date Signed |
| By (Signature and Title) | Date Signed |

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

## INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.
2. If the taxpayer is a corporation, the waiver must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.
3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.
4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.
5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.
6. If the Tax Matters Partner signs this offer, please include the title with the signature.
7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service

## AGREEMENT FOR PARTNERSHIP ITEMS AND PARTNERSHIP LEVEL DETERMINATION AS TO PENALTIES, ADDITIONS TO TAX, AND ADDITIONAL AMOUNTS

### SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP: CWC Partnership I<br>TAXPAYER IDENTIFYING NUMBER: 16-1472626 | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| | 12/31/2001 | | |
| **DETAIL OF ADJUSTMENTS TO ORDINARY INCOME:** | | | |
| a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| **Total Adjustments to Ordinary Income** | | | |
| **Other Adjustments** | | | |
| a. Net income (loss) from rental real estate activities | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | (107.00) | | |
| (3) Corrected | (107.00) | | |
| b. Net income (loss) from other rental activities | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | (1,185.00) | | |
| (3) Corrected | (1,185.00) | | |

**Remarks:**

It is determined that the accuracy-related penalties provided by IRC 6662(a) and 6662(h) apply to the entire amount of any underpayment of tax attributable to adjustments of the partnership items of CWC Partnership I for the taxable year ending December 31, 2001. The accompanying Explanation of Adjustments to Partnership Items and Partnership-level Determinations is hereby incorporated by reference.

## Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: CWC Partnership I

| Taxpayer Identifying Number: 16-1472626 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | | |
| c. Portfolio income (loss) interest | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 362,925.00 | | |
| (3) Corrected | 362,925.00 | | |
| d. Portfolio income (loss) dividends | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 142,610.00 | | |
| (3) Corrected | 142,610.00 | | |
| e. Portfolio income (loss) royalties | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 7.00 | | |
| (3) Corrected | 7.00 | | |
| f. Portfolio income (loss) net short-term gain (loss) | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | (1,030,127.00) | | |
| (3) Corrected | (1,030,127.00) | | |
| g. Portfolio income net long-term gain (loss) total | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 212,941.00 | | |
| (3) Corrected | 212,941.00 | | |
| h. Other portfolio income (loss) | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | (5.00) | | |
| (3) Corrected | (5.00) | | |
| i. Net gain (loss) under section 1231 not casualty/theft | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 8,559.00 | | |
| (3) Corrected | 8,559.00 | | |
| j. Other income (loss) | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 28,205.00 | | |
| (3) Corrected | 28,205.00 | | |
| k. Charitable contributions 30 percent | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 518,892.00 | | |
| (3) Corrected | 518,892.00 | | |
| l. Charitable contributions 50 percent | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 43.00 | | |
| (3) Corrected | 43.00 | | |

## Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: CWC Partnership I

| Taxpayer Identifying Number: 16-1472626 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | | |
| m. Deductions related to portfolio income | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 378,841.00 | | |
| (3) Corrected | 378,841.00 | | |
| n. Interest expense on investment debts | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 481,525.00 | | |
| (3) Corrected | 481,525.00 | | |
| o. Investment income included in portfolio income | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 505,537.00 | | |
| (3) Corrected | 505,537.00 | | |
| p. Other credits (not related to rental activities) | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 12.00 | | |
| (3) Corrected | 12.00 | | |
| q. Adj./tax pref. items depreciation in serv. after 1986 | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 20,477.00 | | |
| (3) Corrected | 20,477.00 | | |
| r. Adj./tax pref. items adjusted gain or loss | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | (152.00) | | |
| (3) Corrected | (152.00) | | |
| s. Foreign gross income sourced at partnership - listed | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 19,515.00 | | |
| (3) Corrected | 19,515.00 | | |
| t. Deductions allocated/apportioned at P/S level - listed | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 1,421.00 | | |
| (3) Corrected | 1,421.00 | | |
| u. Foreign taxes total foreign taxes paid / accrued | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 1,766.00 | | |
| (3) Corrected | 1,766.00 | | |
| v. Total expenditures to which sec. 59(e) election may apply | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 460.00 | | |
| (3) Corrected | 460.00 | | |

## Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: CWC Partnership I

| Taxpayer Identifying Number: 16-1472626 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | | |
| w. Nondeductible expenses | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 503.00 | | |
| (3) Corrected | 503.00 | | |
| x. Distributions - money (cash/securities) | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 734,145.00 | | |
| (3) Corrected | 734,145.00 | | |
| y. Partnership Liabilities | | | |
| (1) Adjustment | 21,032,464.00 | | |
| (2) As reported | 0.00 | | |
| (3) Corrected | 21,032,464.00 | | |
| z. Capital Contributed, Schedule M-2, line 2 | | | |
| (1) Adjustment | (21,032,464.00) | | |
| (2) As reported | 21,375,058.00 | | |
| (3) Corrected | 342,594.00 | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |

## Notice 2000-44 Case

**ATTACHMENT TO FORM 870-PT**
**EXPLANATION OF ADJUSTMENTS TO PARTNERSHIP ITEMS AND PARTNERSHIP LEVEL DETERMINATIONS**

| PARTNERSHIP | | | TAXPAYER ID | TAXABLE YEAR |
|---|---|---|---|---|
| CWC Partnership I | | | 16-1472626 | 12/31/2001 |
| | **ITEM** | **ADJUSTMENT** | **REPORTED** | **CORRECTED** |
| I | **I.R.C. § 752 LIABILITIES** | **$21,032,464** | **$-0-** | **$21,032,464** |

It is determined that CWC Partnership I (hereinafter referred to as the "Partnership"), has partnership liabilities under I.R.C. § 752 in the amount of $21,032,464 for the taxable year 2001, instead of partnership liabilities in the amount of $-0- as claimed on the Partnership's return.

**A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING**

1. Under I.R.C. § 752, the partnership liabilities of the Partnership include the amount of the short sale obligations purportedly assumed by the partnership.

**B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING**

1. An increase in a partner's share of partnership liabilities is treated as a contribution of money to the Partnership under I.R.C. § 752(a) that increases the partner's outside basis under I.R.C. §§ 705(a) and 722.
2. A decrease in a partner's individual liabilities by reason of the assumption by the Partnership of such individual liabilities is treated as a distribution of money to the partner under I.R.C. § 752(b) that decreases the partner's outside basis under I.R.C. §§ 705(a) and 733(1).

| | ITEM | ADJUSTMENT | REPORTED | CORRECTED |
|---|---|---|---|---|
| II | **TREAS. REG. § 1.752-6 LIABILITIES** | **$21,032,464** | **$-0-** | **$21,032,464** |

It is determined that, if the Partnership does not have partnership liabilities under I.R.C. § 752 in the amount of $21,032,464 for the taxable year 2001, then the Partnership has non-I.R.C. § 752 liabilities in the amount of $21,032,464 for the taxable year 2001, instead of non-I.R.C. § 752 liabilities in the amount of $-0- as claimed on the Partnership's return.

**A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING**

1. Under Treas. Reg. § 1.752-6, if the short sale obligations are not partnership liabilities under I.R.C. § 752, then they are non-I.R.C. § 752 liabilities under Treas. Reg. § 1.752-6.

**B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING**

1. Under Treas. Reg. § 1.752-6, a contributing partner's basis in the Partnership is decreased by the amount of the non-I.R.C. § 752 liabilities assumed by the Partnership.

| | ITEM |
|---|---|
| III | **RECHARACTERIZATION** |

For federal income tax purposes, the partners' purported contributions of open short sale positions to the Partnership are disregarded.

**A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING**

1. Under Treas. Reg. § 1.701-2, the partners' purported contributions of open short sale positions to the Partnership are disregarded to produce tax consequences to the partners that are consistent with the economic consequences of an investment in the Partnership because the contributions were made to reduce substantially the present value of the partners' aggregate tax liability in a manner inconsistent with the intent of Subchapter K.
2. Under the economic substance doctrine, the partners' purported contributions of open short sale positions to the Partnership are disregarded for lack of a non-tax business or investment purpose and economic effect.

**B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING**

1. The partners of the Partnership are treated for federal income tax purposes as if they directly held the open short sale positions purportedly contributed to the Partnership.

| | ITEM |
|---|---|
| IV | **I.R.C. § 465 AT RISK RULES** |

It is determined that none of the transactions of the Partnership increases the amount considered at-risk for an activity under I.R.C. § 465(b)(1).

**A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING**

1. Under I.R.C. § 465(b), none of the Partnership's transactions or activities increases the amount by which the partners are considered to be at risk for any activity.

**B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING**

1. Under I.R.C. § 465(b), the amount for which a partner is considered to be at risk for an activity is not increased by any transactions with the Partnership.

## Notice 2000-44 Case

**ATTACHMENT TO FORM 870-PT**
**EXPLANATION OF ADJUSTMENTS TO PARTNERSHIP ITEMS AND PARTNERSHIP LEVEL DETERMINATIONS**

| PARTNERSHIP | TAXPAYER ID | TAXABLE YEAR |
|---|---|---|
| CWC Partnership I | 16-1472626 | 12/31/2001 |

| | | | ITEM |
|---|---|---|---|
| V | | | **ACCURACY-RELATED PENALTIES** |
| | | | It is determined that the 40% accuracy-related penalty provided by I.R.C. § 6662 (h) or, alternatively, the 20% accuracy-related penalty provided by I.R.C. § 6662(a) applies to the entire amount of any underpayment of tax attributable to the adjustments of partnership items of the Partnership for the taxable year 2001. |
| | A | | **REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING** |
| | | 1 | The amount of any underpayment of tax is attributable to a gross valuation misstatement under I.R.C. § 6662(h). |
| | | 2 | Alternatively, the entire amount of any underpayment of tax is attributable to a substantial valuation misstatement under I.R.C. § 6662(e). |
| | | 3 | Alternatively, the entire amount of any underpayment of tax is attributable to negligence or disregard of rules or regulations under I.R.C. §§ 6662(a), 6662(b)(1), and 6662(c). |
| | | 4 | Alternatively, the entire amount of any underpayment of tax is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), and 6662(d). |
| | B | | **TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING** |
| | | 1 | Under I.R.C. § 6221, penalties determined in a partnership proceeding are applied to underpayments attributable to partnership items and affected items subject to defenses that may be asserted by a partner in an action for refund after assessment and payment. |

# EXHIBIT B

BERNARD
ROBINSON
&Company, L.L.P.

*Certified Public Accountants since 1947*

February 28, 2006

**Via FedEx**

Mr. Peter J. Brokus
Internal Revenue Service
409 Lackawanna Avenue
Suite 600
Scranton, PA 18503-2065

Re: **Trust FBO Zachary Stern U/A Fifth G**
**EIN: 16-6433304**

Dear Mr. Brokus:

I am enclosing Merrill Lynch check # 197 issued by Trust FBO Zachary Stern U/A Fifth G payable to the United States Treasury in the amount of $1,567,414 to be applied against the Trust's potential tax-related liability for 2001. Please apply this amount first against any additional tax until paid in full, then penalty, then interest for 2001. Please treat the entire amount as a payment (and not as a deposit). The payment of tax is also intended to satisfy the deposit requirements of Code Section 6226(e).

Please advise me if you have any questions in this matter.

Sincerely,

Freddy Robinson

Freddy Robinson

Enclosure

ANDREW STERN TTEE
MARILYN SANDS TTEE
U/W LAURIE SANDS
TRUST FBO ZACHARY STERN
3500 ELMWOOD AVE
ROCHESTER, NY 14610-3465

CMA Cash Management Account 197

DATE 3-1-06

PAY TO THE ORDER OF U.S. Treasury $ 1,567,414.00

One Million Five Hundred Sixty Seven Thousand Four Hundred Fourteen and 00/100 ---------------- DOLLARS

Merrill Lynch

BANK ONE

EIN 16-6433304

MEMO 2001 Form 1041

Marilyn Sands

[redacted] 0197

AO 1447983.1