IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| R,R,M & C PARTNERS, L.L.C., BY AND THROUGH R,R,M & C GROUP, L.P., A NOTICE PARTNER,<br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br>Defendant. | No. 1:06-cv-00409-ECH<br>(Judge Hewitt) |
| R,R,M &C GROUP, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br>Defendant | No. 1:06-cv-00410-ECH<br>(Judge Hewitt) |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G, ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 1:06-00411-ECH<br>(Judge Hewitt) |

JOINT PRELIMINARY STATUS REPORT

Plaintiffs, R,R,M &C Partners, L.L.C. ("Partners"), R,R,M &C Group, L.P ("Group"), and CWC Partnership I ("CWC"), and defendant, the United States, by and

through their respective undersigned counsel of record, and pursuant to Appendix A of the Rules of the United States Court of Federal Claims, file this Joint Preliminary Status Report and state as follows:

Following the filing of the Government's Answer in this matter, the parties, by and through their counsel, met to discuss the items outlined in Subsections II and III (paragraphs 3, 4 and 5) of RCFC Appendix A. In specific response to the items identified in Subsection III (paragraph 4), the parties report:

(a) **Does the court have jurisdiction over the action?**

**Plaintiffs' Response**: Yes. The Court has jurisdiction pursuant to 28 U.S.C. § 1508 and 26 U.S.C. § 6226(b). The Plaintiffs have met all the requirements of RCFC Appendix F, Rule 1(c)(1).

**Defendant's Response**: Defendant denies that plaintiffs have met their respective deposit requirements under 26 U.S.C. §6226(e). However, 26 U.S.C. §6226(e)(1) allows the Court to order that the jurisdictional requirement is satisfied where there has been a good faith attempt to satisfy the requirement and any shortfall is timely corrected. Toward that end, Defendant is prepared to provide plaintiffs with the relevant tax computations.

(b) **Should the case be consolidated with any other case and the reasons therefore?**

**Plaintiffs' Response:** Yes. Plaintiffs anticipate filing a Rule 42 motion to consolidate the three above captioned cases, hereinafter referred to as the "Partners case," "Group case," and "CWC case" respectively, which are directly

related.

Plaintiffs also anticipate filing a Rule 42 motion to consolidate Case No. 1:06-cv-00407, styled Alpha I, L.P. v. United States (the "Alpha case"), and Case No. 1:06-cv-00408, styled Beta Partners, L.L.C. v. United States (the "Beta case"). The Alpha and Beta cases were transferred to Judge Hewitt because of the common legal and factual issues presented by them and the other above captioned cases. Multiple partners in the Group case are also partners in the Alpha case, and CWC is one of the partners in the partnerships at issue in both the Group and Alpha cases. The Alpha and Beta cases and the Group and Partners cases involve identical legal issues relating to the adjustments of partnership items. The five cases will be governed by common discovery, and the same experts are likely to be used by the parties in each of these cases.

In addition to the adjustments to the tax returns of Partners, Group, and CWC that are at issue in these cases, and the adjustments that are at issue in the Alpha and Beta cases, defendant has also subsequently made adjustments to the tax returns of several other related partnerships. Plaintiffs anticipate that such adjustments will be contested in this Court, and intend to file a motion to consolidate those cases with these cases, after the additional cases are filed.

**Defendant's Response:** The United States agrees that the related cases currently pending before the Court should be consolidated as contemplated by the plaintiffs. The United States cannot opine on the appropriateness of consolidating as yet unfiled cases.

(c) **Should trial of liability and damages be bifurcated and the reasons**

**therefore?**

**Joint Response:** No.

(d) **Should further proceedings in this case be deferred pending consideration of another case before the court or any other tribunal and the reasons therefore?**

**Plaintiffs' Response:** Plaintiffs reserve the right to request that the proceedings be deferred pending consideration of other similar cases in this Court and other courts, but do not presently anticipate making such a request.

**Defendant's Response:** Defendant also reserves the right to request that the proceedings be deferred pending consideration by this Court or another court of cases in which the same issues are presented, but defendant does not now anticipate making such a request. The United States is contemplating filing a motion for summary judgment in the near future to address the application of 26 U.S.C. §752 and the impact of the recent decision in *COLM Producers, Inc. v. United States*, No. 3:03CV03042 (N.D.TX October 16, 2006). At that time, the United States may request that further proceedings in these cases be deferred pending a ruling on the United States' motion.

(e) **In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefore and the proposed duration?**

**Joint Response:** Not applicable.

(f) **Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder.**

**Plaintiffs' Response:** Plaintiffs do not presently anticipate joining any additional parties.

**Defendant's Response:** The United States does not anticipate joining any additional parties.

(g) **Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing.**

**Plaintiffs' Response:** Plaintiffs reserve the right to file Rule 56 Motions for Summary Judgment. A final determination regarding the appropriateness of a Rule 56 Motion cannot be made until plaintiffs conduct discovery and determine whether there exist disputed issues of material fact. In the event that plaintiffs conclude that some or all of the issues in this case may be resolved through the vehicle of Summary Judgment, plaintiffs will propose for the Court's consideration a briefing schedule within 30 days following the close of all discovery.

**Defendant's Response:** The United States is contemplating filing a motion for summary judgment in the near future to address the application of 26 U.S.C. §752 and the impact of the recent decision in *COLM Producers, Inc. v. United States*, No. 3:03CV03042 (N.D.TX October 16, 2006). In no event will the United States

need to exceed the time restraints contemplated by plaintiffs for their potential filing of a motion for summary judgment.

(h) **What are the relevant factual and legal issues?**

**Plaintiffs' Response:** The relevant factual issues in the case are:

1. Did R,R,M & C Partners, L.L.C. and R,R,M & C Group L.P. constitute valid partnerships?
2. Did the short sale obligations assumed by CWC, Group, and Partners constitute liabilities under Code Section 752(b), under Treas. Reg. § 1.752-6, or otherwise, requiring a reduction to the partners' bases in CWC and Group or to Group's basis in Partners for the short sale obligations?
3. Did the transactions increase the amount considered at risk for an activity under Code Section 465(b)(1)?
4. Did the Group, Partners, and CWC partnerships and the transactions at issue have economic substance?
5. Did the Group, Partners, and CWC partnerships and their partners properly report their bases in the shares of Constellation stock?
6. Did the Initial Limited Partners in Group transfer their limited partnership interest in Group to the CRUT Partners?
7. Should the partners of the Group, Partners, or CWC partnerships be subject to penalties under Code Section 6662?

**Defendant's Response**: The relevant factual and legal issues in these cases are:

1. Whether the adjustments made by the subject Notices of Final Partnership Administrative Adjustment (FPAA) disallowing over $85,000,000 of artificial inflated tax basis claimed by plaintiffs from an abusive Son of BOSS tax shelter and asserting accuracy related penalties on the associated underpayments of tax should be sustained?

2. Did R,R,M & C Partners, L.L.C. and R,R,M & C Group L.P. constitute valid partnerships for federal tax purposes?

3. Whether the short sale obligations at issue are liabilities under 26 U.S.C. §752(a) and (b)?

4. Alternatively, whether the short sale obligations are liabilities under Treas. Reg. §1.752-6?

5. Whether any of the transactions at issue increased the amount that partner is considered to be at risk for an activity under 26 U.S.C. §465?

6. Whether the transactions lack economic substance, apart from tax savings, such that they should be disregarded for federal tax purposes?

7. Whether the accuracy related penalties under 26 U.S.C. §6662 apply to any underpayment attributable to adjustments made by the FPAAs?

8. Whether, under Treas. Reg. §1.701-2, the existence of Alpha and Beta should be disregarded, or their transactions recast, to achieve tax results that are consistent with the intent of subchapter K?

9. Whether the partners' purported charitable remainder trusts ("CRUTs") should be treated as partners of R,R,M & C Group, L.P. for federal tax purposes?

(i) **What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

**Joint Response:** The parties are receptive to the possibility of settlement but cannot at this time assess the likelihood of settlement. As appropriate, the parties will discuss settlement and, if appropriate, will avail themselves of the Court's ADR opportunities.

(j) **Do the parties anticipate proceeding to trial?**

**Joint Response:** Yes. The parties do not request expedited trial scheduling.

(k) **Are there special issues regarding electronic case management needs?**

**Joint Response:** The parties are unaware of any special issues regarding electronic case management needs.

(l) **Is there other information of which the court should be aware at this time?**

**Plaintiffs' Response:** Plaintiffs may request that the trial be held in Rochester, NY.

**Defendant's Response:** Defendant advises the Court that, because third-party discovery may be needed, defendant anticipates a need for, and will request, leave to take more that five depositions and that it may request leave to submit more than twenty-five interrogatories. The United States is not aware of any other information as to which the Court should be apprised. The United States notes that if plaintiffs intend to file and consolidate additional cases, the discovery and trial schedule contemplated by the parties may need to be adjusted. The United States reserves comment with respect to the potential trial venue pending further development of these cases.

In specific response to the items identified in Subsection III (paragraph 5) regarding discovery, the parties report and recommend to the Court as follows:

**Joint Response:** The parties agree to make the initial disclosures required by Rule 26(a)(1) by December 15, 2006.

**Plaintiff's Response:** Plaintiffs propose the following schedule:

| | | |
|---|---|---|
| 1. | Amend pleadings: | April 15, 2007 |
| 2. | Complete fact discovery: | June 1, 2007 |
| 3. | Exchange experts' reports: | July 1, 2007 |
| 4. | Complete expert discovery: | August 1, 2007 |
| 5. | File dispositive motions: | October 1, 2007 |

Plaintiffs also suggest a trial date in January of 2008.

**Defendant's Response:** Defendant proposes the following schedule:

1. Amend pleadings: April 16, 2007
2. Complete fact discovery: November 2, 2007
3. Exchange experts' reports: January 30, 2008
4. Complete expert discovery: April 1, 2008
5. File dispositive motions: June 2, 2008

Defendant suggests a trial date of September of 2008.

Respectfully submitted,

/s Lewis S. Wiener
LEWIS S. WIENER
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0140
Fax: (202) 637-3593
Email: lewis.wiener@sablaw.com

Of Counsel:

N. Jerold Cohen
Thomas A. Cullinan
Joseph M. DePew
Julie P. Bowling
Sutherland Asbill & Brennan LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 853-8000
(404) 853-8806 (fax)

Kent L. Jones
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0732
Fax: (202) 637-3593
Attorneys for Plaintiffs

November 6, 2006

Tom Herrin (with permission)
THOMAS M. HERRIN
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
Tel: (214) 880-9745
Fax: (214) 880-9741
Attorney for Defendant

November 6, 2006